**In the United States District Court
for the District of Kansas**

―――――――――

Case No. 5:98-cr-40110-TC

―――――――――

UNITED STATES OF AMERICA

*Plaintiff*

v.

DAVID CLEMENS,

*Defendant*

―――――――――

**MEMORANDUM AND ORDER**

David Clemens, who is serving a sentence imposed over twenty years ago, seeks an alteration of his confinement, including a letter of recommendation for early placement in a Residential Reentry Center. Docs. 42, 43, & 47. The Government opposes that relief. Docs. 44 & 49. For the following reasons, Clemens's motions are denied.

\* \* \*

Clemens pled guilty to five drug and firearm crimes. Doc. 15. Senior Judge Richard D. Rogers sentenced Clemens to a 360-month term of imprisonment shortly thereafter.[1] *See* Doc. 30. According to the Government, his earliest possible release date is August 30, 2022. Doc. 44 at 3. Clemens unsuccessfully sought a sentence reduction in June 2015 under 18 U.S.C. § 3582(c)(2). *See* Docs. 39 & 40.

Most recently, Clemens has filed three pleadings. In the first, he seeks a judicial recommendation for a 12-month early release into

---

[1] Judge Rogers passed away in 2016. *See* U.S. District Court: District of Kansas, http://ksd.uscourts.gov/index.php/2016/11/28/our-beloved-friend-colleague-judge-richard-d-rogers-passed-away-on-november-25/ (last visited July 27, 2021).

1

home confinement or an RRC but does not cite a legal basis for the request. Doc. 42. His subsequent motion, Doc. 43, seeks a recommendation for early release based on the First Step Act. *See generally* 18 U.S.C. § 3582. Then, eschewing his request for home confinement, his third and final motion clarified that he only seeks a judicial recommendation of early release into an RRC under the Second Chance Act (and not the First Step Act). Doc. 47; *see generally* 34 U.S.C. § 60541.

The Second Chance Act empowers the Attorney General and the Bureau of Prisons to help prepare prisoners for release and successful reintegration into the community, which can include placing them into RRCs or home confinement during the end of their sentence (rather than serving out their time in prison). *See* Doc. 49 at 2; 34 U.S.C. § 60541(a)(1). Under 18 U.S.C. § 3621(b)(4)(B), the BOP may consider a statement by "the court that imposed the sentence" which "recommend[s] a type of penal/correctional facility as appropriate" when evaluating where a prisoner, such as Clemens, will serve the end of his sentence. Such a recommendation is nonbinding, as Congress clarified that only the Attorney General may grant early release. *See* 34 U.S.C. § 60541.

Clemens has not shown a sufficient basis for judicial intervention or a non-discretionary basis to do so. His sentencing occurred over twenty years ago, he has been in the BOP's custody since then, and there is little (if anything) in the record on which a meaningful recommendation could be made. Put simply, this decision is best left to the discretion of the professional staff within the BOP.

\* \* \*

For the foregoing reasons, Clemens's motions, Docs. 42, 43, & 47, are denied.

It is so ordered.

Date: July 29, 2021              s/ Toby Crouse
                                 Toby Crouse
                                 United States District Judge